IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TALISIA J. FOSTER,** | CASE NO. 3:21 CV 2402 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JEEP COUNTRY FEDERAL CREDIT UNION,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Talisia J. Foster has filed this action against Jeep Country Federal Credit Union. (Doc. 1). For the following reasons, this action is dismissed in part.

Plaintiff's complaint concerns her purported purchase of a vehicle financed through Defendant Jeep Country Federal Credit Union. *See id.* at 7. She says after she selected the vehicle she desired to purchase, she signed paperwork prepared for her by Defendant; however, she was not informed of her right to recission, nor was she provided the proper documents to exercise this right. *Id.*

Plaintiff states she began making payments on the loan in January 2021 but realized in September 2021[1] that funds were being withdrawn from her personal checking account to pay the loan. *See id.* She was ultimately "locked out" of her account. *Id.* at 8. When Plaintiff contacted Defendant, Defendant told her it had authorization to withdraw funds from her account when the alleged debt was more than 15 days overdue. *Id.* at 7. Despite issuing a "cease-and

---

1. Plaintiff lists this date as September 2020, but in context this appears to be a typographical error. *See id.*

desist" letter, a request to rescind the contract, and a notice of intent to sue, Defendant continued to attempt to collect on the alleged debt. *See id.* at 7-8.

Plaintiff alleges Defendant failed to inform her of the right to rescind, refused her right to rescind, failed to comply with the Truth in Lending Act's ("TILA") obligation concerning "a finance charge and contract law," failed to validate the alleged debt, continues to attempt to collect on the alleged debt with "harassing" and "threatening" letters, and continues to "willfully furnish inaccurate and false information" that is negatively affecting her credit. *Id.* at 8-9. Plaintiff appears to allege these actions constitute a violation of the TILA and the Fair Debt Collection Practices Act ("FDCPA"). *See id.* at 3, 8-9. Plaintiff also appears to allege Defendant's actions constitute criminal conduct under 15 U.S.C. § 1611. *See id.* at 8-9.

Plaintiff seeks monetary damages and a Court order requiring Defendant to: cease all collection attempts, sign the vehicle's title over to Plaintiff, and "remove and stop reporting all fraudulent accounts to all credit agencies regarding [Plaintiff's] account." *Id.*

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## DISCUSSION

Fair Debt Collection Practices Act

Plaintiff alleges Defendant's actions violate the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA is a sub-chapter of the Consumer Credit Protection Act that protects both debtors and non-debtors from misleading and abusive debt-collection practices. *See* 15 U.S.C. § 1692e. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (citing 15 U.S.C. § 1692e). The

3

FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA specifically excludes from that definition "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A); *see also MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007) (a "creditor" is not a debt collector under the FDCPA and not subject to suit when collecting on account).

Here, Defendant is the creditor attempting to collect a debt on its own account. By FDCPA definition, it is not a "debt collector"; rather, it is the very party to whom the debt is due. Plaintiff therefore fails to state a claim against Defendant under the FDCPA and her FDCPA claim must be dismissed.

Criminal Liability

Plaintiff also appears to allege Defendant's actions constitute a violation of 15 U.S.C. § 1611. Section 1611 provides criminal liability for "[w]hoever willfully and knowingly . . . gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of the [TILA, 15 U.S.C. §§ 1601 *et seq*.] or any regulation issued thereunder."

To the extent Plaintiff claims Defendant's actions constitute criminal conduct and she seeks criminal charges in federal court, her claim fails to state a claim. A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A

4

private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (citing, *inter alia*, *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)); *see also Bostwick v. Cohen*, 319 F. Supp. 875, 877-78 (N.D. Ohio 1970) (the United States Attorney General is authorized to initiate criminal proceedings under 15 U.S.C. § 1611).

And in the absence of a private right of action, Plaintiff lacks standing to commence a federal criminal action against Defendants. *See Profit v. City of Shaker Hts.*, 2019 WL 319052, at *2 (N.D. Ohio); *see also Poole v. CitiMortgage, Inc.*, 2014 WL 4772177, at *5 (E.D. Mich.) (private citizen lacks standing to initiate criminal proceedings) (citing, *inter alia*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Plaintiff therefore fails to state a claim upon which relief may be granted to the extent she seeks federal criminal charges against Defendant under 15 U.S.C. § 1611.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED THAT Plaintiff's claims under the FDCPA, 15 U.S.C. § 1692e, and purported criminal claims under 15 U.S.C. § 1611 be, and the same hereby are, DISMISSED; and it is

FURTHER ORDERED THAT this action shall proceed solely on Plaintiff's claims under the TILA.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

5